**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
KAYVON SABOURIAN (SBN 310863)
ksabourian@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff
SPENCER LEON REED, individually and on behalf of all others similarly situated

[Additional counsel listed on next page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER LEON REED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AUTONATION, INC., a Delaware corporation; and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO. 2:16-cv-08916-BRO(AGRx)<br><br>JOINT RULE 26(f) REPORT<br><br>Scheduling Conference: TBD |

**FISHER & PHILLIPS LLP**
CHRISTOPHER C. HOFFMAN (SBN 176334)
choffman@fisherphillips.com
MEGAN WALKER (SBN 299834)
mewalker@fisherphillips.com
4747 Executive Drive, Suite 1000
San Diego, CA 92121
Tel: (858) 597-9610
Facsimile: (858) 597-9601

**WILLIAMS & CONNOLLY LLP**
Daniel F. Katz
dkatz@wc.com
Edward C. Barnidge
ebarnidge@wc.com
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
Facsimile: (202) 434-5000

Attorneys for Defendant
AUTONATION, INC.

Pursuant to the Court's Order Setting Scheduling Conference and Civil Local Rule 26-1, Plaintiff Spencer Leon Reed ("Plaintiff") and Defendant AutoNation, Inc. ("Defendant" or "AutoNation") (together, the "Parties") submit this Joint Rule 26(f) Report. Counsel for Plaintiff and Defendant participated in a conference of the Parties, pursuant to Rule 26(f) and Civil Local Rule 26-1, on March 7, 2017.

**a. Statement of the case**

Plaintiff worked as a non-exempt sales associate at AutoNation Ford Torrance car dealership in Torrance, California. Plaintiff seeks to represent a class of all persons who worked for Defendant as non-exempt employees in the State of California during the class period.

Plaintiff alleges that Defendant failed to provide Plaintiff and other non-exempt employees lawful meal and rest breaks, failed to pay minimum and overtime wages, and failed to indemnify Plaintiff and other employees for necessary expenditures incurred in the discharge of their duties. Specifically, Plaintiff alleges that, during the class period, Defendant failed to maintain a facially lawful rest break policy. Plaintiff further alleges that Defendant's focus on customer service and policy requiring Plaintiff and other employees to assist customers resulted in short, late, and missed meal and rest breaks. In addition, Plaintiff and other employees sometimes were required to clock out and continue working during their meal periods. As a result of these violations, Plaintiff alleges that Defendant also failed to pay all wages due to discharged and quitting employees and failed to provide accurate itemized wage statements.

Defendant denies these allegations. Additionally, Defendant contends that Plaintiff lacks standing to sue AutoNation, individually or in a representative capacity, because AutoNation did not employ Plaintiff. Defendant also will oppose class certification because Plaintiff's claims are inappropriate for class treatment. Defendant also contends that, even if *arguendo* Plaintiff has standing to sue Defendant, his putative class claims may be arbitrable on an individual basis,

subject to the Supreme Court's ultimate determination in *Ernst & Young, LLP v. Morris*, 137 S. Ct. 809 (2017) of the enforceability of class-action waivers. Defendant reserves the right to raise additional defenses in the future, but does not anticipate adding any counterclaims against Plaintiff.

**b. Subject matter jurisdiction**

Defendant claims there is no subject matter jurisdiction because Plaintiff lacks standing to sue Defendant. In the event the Court finds that Plaintiff does have standing to sue, the parties agree that jurisdiction would exist under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and this is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from any defendant. Specifically, Plaintiff is a citizen of the State of California, and Defendant is a citizen of the States of Florida and Delaware.

**c. Legal Issues**

The key legal issues in this case will be:

(1) whether Defendant was Plaintiff's employer;

(2) whether Defendant maintained a facially unlawful rest break policy during the class period;

(3) whether Defendant had a common policy or practice of failing to provide Plaintiff and other putative class members lawful meal and rest periods in violation of Labor Code §§ 226.7 and 512 and IWC Wage Order No. 7-2001 §§ 11-12;

(4) whether Defendant had a common policy or practice of failing to pay Plaintiff and other putative class members minimum and overtime wages for all hours worked in violation of Labor Code §§ 1194 and 1197 and IWC Wage Order No. 7-2001 §§ 3-4;

(5) whether Defendant had a common policy or practice of failing to provide Plaintiff and other putative class members accurate itemized wage

statements in violation of Labor Code § 226 and IWC Wage Order No. 7-2001 § 7;

(6) whether Defendant had a common policy or practice of failing to pay all wages due at the time of discharge or quitting in violation of Labor Code §§ 201, 202, and 203;

(7) whether Defendant had a common policy or practice of failing to compensate Plaintiff and other putative class members for necessary expenditures in violation of Labor Code § 2802;

(8) whether the identity of the proposed class is ascertainable;

(9) whether the proposed class is so numerous that joinder of individual class members is impracticable (Fed. R. Civ. P. 23(a)(1));

(10) whether Plaintiff's claims are typical of the claims of the putative class members (Fed. R. Civ. P 23(a)(3));

(11) whether Plaintiff and Plaintiff's counsel will adequately represent the interests of the class (Fed. R. Civ. P 23(a)(4));

(12) whether any questions of law or fact common to the members of the proposed class predominate over any questions affecting only individual class members (Fed. R. Civ. P (b)(3)); and

(13) whether a class action is superior to multiple single actions (Fed. R. Civ. P 23(b)(3)).

**d. Parties, evidence, etc.**

Plaintiff's Statement

Parties: Plaintiff Spencer Leon Reed; Defendant, AutoNation, Inc.

Witnesses: Plaintiff anticipates that percipient witnesses will include the following: non-exempt employees of AutoNation in the State of California during the class period; supervisors of non-exempt employees; AutoNation's human resources personnel, regional managers, and employees responsible for conducting training of new AutoNation employees. As Plaintiff's investigation and discovery are ongoing, Plaintiff anticipates that additional witnesses will be identified.

Key documents: At this time, Plaintiff believes that key documents will include the following: time and payroll records for Plaintiff and the putative class members; policy documents, including employee handbooks; employee training materials; documents that AutoNation requires its employees to sign, including new-hire paperwork; disciplinary records, including write-ups of employees for failure to be available to respond to supervisors' or customers' needs. As Plaintiff's investigation and discovery are ongoing, Plaintiff anticipates that additional documents will be identified.

Defendant's Statement

Parties: The Parties are Mr. Reed and AutoNation, Inc. AutoNation does not have any parents; its affiliates and subsidiaries are listed in the attached Exhibit B.

Witnesses: Subject to AutoNation's pending Motion to Bifurcate proceedings and the resolution of any ensuing motion for summary judgment regarding Plaintiff's standing, potential fact witnesses may include Plaintiff and absent class members; current or former corporate employees of direct or indirect subsidiaries of AutoNation who have knowledge about AutoNation's corporate organization, structure, payroll matters, and policies; and employees of Ford Torrance and other dealerships constituting direct or indirect subsidiaries of AutoNation who have knowledge about the responsibilities and schedules of their sales associates and other non-exempt employees.

Key Documents: Key documents may include those relating to Plaintiff's employment with Ford Torrance and certain documents reflecting the corporate organization, pay policies, break policies, and payroll records of, as applicable, AutoNation and its direct and indirect subsidiaries.

**e. Damages**

Plaintiff's Statement

Plaintiff seeks compensatory damages, liquated damages, equitable relief, penalties, interest, and reasonable attorney's fees and costs. At this time, Plaintiff

does not have sufficient information to calculate the amount of damages. Damages will be calculated based on the employees' rates of pay, the number of weeks employees worked during the class period, the number of meal and rest breaks violations, the amount of meal and rest break premiums paid, the amount of time employees spent working off-the-clock, and the amount of money employees spent on uniforms and work-related equipment which was not reimbursed by Defendant.

Defendant's Statement

Defendant denies that Plaintiff is entitled to recover any damages, whether on behalf of himself or on behalf of the putative class. Even assuming *arguendo* that Plaintiff is entitled to damages, Defendant is not in a position to estimate the amount at this point because Plaintiff has not alleged his claims or the basis for the putative class size with sufficient detail. However, because Plaintiff was only employed at Ford Torrance for approximately four months, Defendant expects his individual damages, if any, to be relatively small.

**f. Insurance**

There is no applicable insurance coverage.

**g. Motions**

Plaintiff's Statement

Plaintiff intends to file a motion for class certification pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3), and maintains that the Parties need sufficient time to develop an adequate record and to conduct necessary discovery prior to a hearing on class certification. The putative class includes all current and former non-exempt employees of Defendant in the State of California at any time during the class period.

Defendant's Statement

Defendant has filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and to bifurcate proceedings to focus initially on whether Plaintiff has standing, both of which motions are scheduled to be heard on April 24,

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

2017. If bifurcation of proceedings is granted, Defendant also intends to file a motion for summary judgment on the standing issue, and subsequently may move for summary judgment on other grounds.

**h. Manual for Complex Litigation**

The Parties do not believe that the procedures of the Manual for Complex Litigation should be used in this case.

**j. Discovery Plan**

Plaintiff's Statement

Plaintiff contemplates precertification discovery into issues pertaining to the requirements of Rule 23 and whether the claims are susceptible to class-wide proof, as well as discovery relating to whether AutoNation was Plaintiff's "employer." Plaintiff will seek to discover the following: (1) a representative sampling of the time records and payroll records of putative class members for the relevant class period; (2) the class list identifying the name, last known address, phone number, and email address of putative class members; (3) all documents relating to Defendant's timekeeping, payroll, overtime, meal and rest period, and other wage and hour policies for the relevant time period; (4) all documents relating to the day-to-day relationship between AutoNation and its dealerships; and (5) depositions of Defendant's 30(b)(6) representatives, district and regional managers, payroll manager, and corporate officers with knowledge of the subject matter of the litigation. Given the scope of relevant discovery in this action, Plaintiff respectfully requests that Court permit Plaintiff to serve 35 interrogatories.

Plaintiff is not opposed to bifurcating discovery between certification issues and those related to the merits of Plaintiff's claims. Plaintiff contends that precertification discovery should be permitted on matters relevant to class certification, which may include factual issues touching on the merits since there is not always a bright line separating merits and class discovery.

AutoNation has also filed a motion to bifurcate discovery regarding

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

AutoNation's status as Plaintiff's employer and class discovery. Plaintiff opposes bifurcating discovery regarding AutoNation's employer status, as this would create inefficiencies, including requiring multiple depositions of the same witnesses, and delay resolution of Plaintiff's and the class members' claims. Following the Court's ruling on Plaintiff's motion for class certification, Plaintiff will serve additional discovery requests. As the Court's ruling will determine the scope of the claims to be tried and thus what additional discovery is necessary, Plaintiff believes it is premature to set a discovery cut-off date at this time. However, if the Court is inclined to set such dates at this time, Plaintiff proposes that the Court set a date for completion of non-expert discovery of January 15, 2018, assuming that discovery is not bifurcated.

While Plaintiff does not believe that discovery should be bifurcated, in the event the Court grants AutoNation's motion to bifurcate, the Parties have agreed to a schedule for bifurcated discovery and briefing, except that Plaintiff proposes a 90-day period to conduct discovery regarding AutoNation's status as Plaintiff's employer whereas AutoNation proposes a 60-day period and Plaintiff proposes that any class certification motion should be due at the end of fact discovery in phase two whereas AutoNation proposes a due date 45 days before the end of fact discovery. *See* Exhibit A (Schedule of Trial and Pretrial Dates [If Defendant's Motion to Bifurcate Discovery Is Granted]).

<u>Defendant's Statement</u>

Defendant has filed a motion to bifurcate proceedings to focus the Parties' initial efforts on whether AutoNation is Plaintiff's employer. Because this issue governs the Court's subject matter jurisdiction over this dispute, it presents a threshold question that Defendant believes should be addressed before Plaintiff engages in wide-ranging class-related discovery. Defendant intends to take discovery from Plaintiff on the standing issue. As noted, while Plaintiff does not believe that discovery should be bifurcated, in the event the Court grants

AutoNation's motion to bifurcate, the Parties have agreed to a schedule for bifurcated discovery and briefing, except that Plaintiff proposes a 90-day period to conduct discovery regarding AutoNation's status as Plaintiff's employer whereas AutoNation proposes a 60-day period and Plaintiff proposes that any class certification motion should be due at the end of fact discovery in phase two whereas AutoNation proposes a due date 45 days before the end of fact discovery. *See* Exhibit A (Schedule of Trial and Pretrial Dates [If Defendant's Motion to Bifurcate Discovery Is Granted]).

Defendant proposes that the schedule for any additional discovery or proceedings should commence after the Court resolves Defendant's motion for summary judgment on the standing issue. In the event of any discovery on issues other than Plaintiff's standing to sue, Defendant intends to propound discovery requests including requests for production, interrogatories, and requests for admission on the following subjects: Plaintiff's schedule, compensation, and responsibilities while employed by Ford Torrance; the agreements, terms, and conditions of Plaintiff's employment with Ford Torrance; and other information that may be relevant to AutoNation's defenses after Plaintiff provides discovery or clarifies his allegations. For class-related discovery, Defendant expects to request similar information from a sampling of putative class members. Defendant also anticipates deposing Plaintiff, some putative class members and any expert witnesses Plaintiff proffers within the deadlines proposed for fact and expert discovery. Given the early stage of this litigation, Defendant has not yet determined which other witnesses it may seek to depose.

Defendant disagrees with Plaintiff's suggestion that he should be allowed to propound more than 25 interrogatories, the permissible amount under Federal Rule of Civil Procedure 33.

**k. Discovery cut-off**

Plaintiff's Statement

Plaintiff proposes April 30, 2018 as the discovery cut-off date. In the event the Court grants AutoNation's motion to bifurcate, Plaintiff is agreeable to a final discovery cutoff date 270 days after the Court's ruling on AutoNation's motion for summary judgment regarding Plaintiff's standing to sue AutoNation, as proposed by AutoNation. However, Plaintiff proposes a cut-off for discovery related to Plaintiff's standing to sue AutoNation 90 days after the order granting bifurcation.

Defendant's Statement

If Defendant's motion to bifurcate proceedings is denied, Defendant agrees with Plaintiff's proposed cut-off date of April 30, 2018. If the motion to bifurcate is granted, Defendant proposes a discovery cut-off date for discovery related to Plaintiff's standing of 60 days after the order granting bifurcation, and a final discovery cutoff, as necessary, of 270 days after the Court's summary judgment ruling on Defendant's motion regarding Plaintiff's standing to sue.

**I. Expert discovery**

Plaintiff's Statement

Plaintiff contemplates the use of expert witnesses and proposes the following schedule:

| | |
|---|---|
| Initial Expert Disclosures: | January 22, 2018 |
| Rebuttal Expert Disclosures: | February 5, 2018 |
| Expert Discovery Cut-Off: | February 19, 2018 |

If the Court grants AutoNation's motion to bifurcate and AutoNation's motion for summary judgment on the standing issue is denied, Plaintiff proposes the dates set forth in Exhibit A to this report.

Defendant's Statement

If Defendant's motion to bifurcate is granted, Defendant does not anticipate at this time using affirmative experts on the issue of Plaintiff's standing to sue. If, after discovery on the standing issue closes, Defendant's motion for summary judgment on the issue of standing is denied, the Parties agree to the dates set forth

in Exhibit A to this report. If Defendant's motion to bifurcate is denied, Defendant agrees with Plaintiff's proposed initial expert disclosure date but proposes a rebuttal expert disclosure date of February 19, 2018 and an Expert Discovery Cut-Off date of March 5, 2018.

**m. Dispositive motions**

Plaintiff's Statement

At this time, Plaintiff does not believe that any issues or claims may be determined by motion for summary judgment or motion in limine.

Defendant's Statement

Defendant intends to file a motion for summary judgment on the issue of Plaintiff's standing on grounds that AutoNation is not his employer. Defendant may also seek to file for summary judgment on other issues depending on the results of discovery.

**n. Settlement/Alternative Dispute Resolution (ADR)**

To date, no settlement discussions or written communications have occurred. Pursuant to Local Rule 16-15.4, the Parties agree to participate in a private dispute resolution proceeding (ADR Procedure No. 3). The Parties also agree that, at this time, an ADR session would be premature. Plaintiff is open to mediation after sufficient discovery is conducted to enable the Parties to evaluate the claims and defenses in this matter. AutoNation believes that the Court should decide Defendant's anticipated dispositive motion on the standing issue prior to any potential mediation.

**o. Trial estimate**

Plaintiff's Statement

Plaintiff has demanded a jury trial. Plaintiff estimates that a trial will last 5-20 days, depending on the scope of the claims which proceed to trial. Plaintiff anticipates calling approximately 10-15 witnesses, but reserves his right to change this estimate depending on how evidence is developed during discovery.

Defendant's Statement

Defendant submits the length of the trial will depend on whether the matter is certified as a class action and whether claims are referred to arbitration. If the case is tried on an individual basis, Defendant estimates that trial will last between two and five days, with Defendant calling approximately five witnesses. If the case is tried on a class-wide basis, Defendant estimates that trial will last 10-20 days. Depending on the size and structure of the class, Defendant potentially will need to call dozens of witnesses.

**p. Trial counsel**

For Plaintiff: Mathew J. Matern, Launa Adolph and Kayvon Sabourian of Matern Law Group, PC.

For Defendant: Daniel F. Katz and Edward C. Barnidge of Williams & Connolly LLP.

**q. Independent Expert of Master**

The Parties do not believe this is the type of case that is suitable for reference to a special master or an independent scientific expert.

**r. Timetable**

The Parties have completed two proposed timetables for this report, one assuming Defendant's motion to bifurcate proceedings is granted and one assuming it is denied. The Parties' proposals are set forth in Exhibit A hereto.

///

s. **Other issues**

Plaintiff's Statement

As set forth above, Plaintiff opposes bifurcating discovery regarding AutoNation's status as Plaintiff's employer, as this would create inefficiencies, including requiring multiple depositions of the same witnesses, and delay resolution of Plaintiff's and the class members' claims. Plaintiff is agreeable to entering into a protective order governing the production and use of confidential documents and information.

Defendant's Statement

As described above, Defendant has filed a motion to bifurcate proceedings to focus first on the issue of Plaintiff's standing. Defendant also intend to seek entry of a protective order prior to producing confidential information during discovery.

Respectfully submitted,

Dated: April 7, 2017 **MATERN LAW GROUP, PC**

By: /s/ Launa Adolph
MATTHEW J. MATERN
LAUNA ADOLPH
KAYVON SABOURIAN
Attorneys for Plaintiff
SPENCER LEON REED, individually and on behalf of all others similarly situated

Dated: April 7, 2017 **WILLIAMS & CONNOLLY LLP**

By: /s/ Edward C. Barnidge
DANIEL F. KATZ
EDWARD C. BARNIDGE
Attorneys for Defendant
AUTONATION, INC.

## ATTESTATION

I hereby attest pursuant to L.R. 5-4.3.4 that all other signatories listed above, and on whose behalf the filing is submitted, concur in the content of this filing and have authorized this filing.

/s/ Launa Adolph
Launa Adolph