# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SPENCER LEON REED, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>AUTONATION, INC.; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: 2:16-cv-08916 BRO(AGRx)<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER**<br><br>Date: August 1, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom B – 8th Floor, 312 North Spring Street, Los Angeles, California, 90012<br>Honorable Alicia G. Rosenberg |

    Upon stipulation of Plaintiff Spencer Leon Reed ("Plaintiff") and Defendant AutoNation, Inc. ("Defendant") (collectively "Parties") for an order pursuant to Fed. R. Civ. P. 26(c), this Court hereby Orders that trade secret or other confidential information be disclosed only in designated ways.

    1.  <u>Statement of Good Cause</u>. This action may involve nonpublic information and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, financial data, trade secrets, other operational, proprietary, or technological information relating to Defendant's business that is not publicly available or known, and confidential putative class member information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable

necessary uses of such material in preparation for the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case

    2.   <u>Definitions</u>. As used in this Protective Order, these terms have the following meanings:

        a.   "Action" means the above-captioned matter.

        b.   "Confidential" documents are documents designated pursuant to paragraph 4. Confidential information includes, but is not limited to, nonpublic information such as financial data, trade secrets, and other operational, proprietary, or technological information relating to Defendant's business that is not publicly available or known.

        c.   "Confidential – Attorneys' Eyes Only" documents are documents designated pursuant to paragraph 7.

        d.   "Documents" means all originals and copies of records, books, papers, documents, and tangible things, including but not limited to agreements, appointment books, bank checks, bank records, books, books of account, business records, calendars, charge slips, charts, computer print-outs, contracts, correspondence, credit card statements, diaries, drafts, electronic or computerized data, e- mails, facsimiles, files, invoices, journals, legal pleadings, letters, licenses, memoranda, meta-data, notes, papers, promissory notes, receipts, statements, studies, surveys, telegrams, testimony (or summaries thereof), trading records, transcripts, voice mails, vouchers, and all communicative materials of any kind, and copies of all drafts, notes, or any preparatory material concerned with any of the foregoing in the possession, custody, or control of either Party or any of their respective agents, servants, or employees. The term "documents," as used herein, shall also be understood to encompass the contents of such Confidential materials, summaries, or abstracts thereof, notes taken thereon, or like recapitulations thereof.

3. <u>Scope</u>. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined in paragraph 4), but also (1) any information extracted or copied from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversation, or presentations by the Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. A Party may designate as Confidential or Confidential – Attorneys' Eyes Only any document that it in good faith contends contains or discloses Confidential information (hereinafter "Protected Material").

5. All documents designated as Confidential, along with the information contained in the documents, shall be used solely for the purpose of this Action, and no person receiving such documents shall, directly or indirectly, communicate, disclose, or transfer in any way the documents or their contents to any person other than those specified in paragraph 6.

6. Access to any Confidential document by any individual other than the Producing Party shall be limited to:

    a. the Parties;

    b. the Court, including judicial employees, judges, magistrates, special masters, and all other personnel necessary to assist the Court in its function;

    c. counsel of record for the Parties, including their partners and employees to whom it is necessary that Confidential information be shown for purposes of this Action;

    d. court reporters, stenographic reporters, videographers, and all of their personnel necessary to assist them in their functions;

    e. Defendant's agents, directors, employees, insurers, officers, and representatives;

f. Defendant's former agents, directors, employees, insurers, officers, and representatives who have executed the Agreement annexed hereto as Exhibit A;

g. outside independent persons who are retained by a Party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this Action and who have executed the Agreement annexed hereto as Exhibit A;

h. during their depositions, persons to whom disclosure is reasonably necessary, in the reasonable judgment of the examining Party, and who have signed the Agreement annexed hereto as Exhibit A; and

i. copy or computer services or litigation support for the purpose of copying or indexing documents or providing litigation support, provided that all documents are retrieved by the Receiving Party upon completion of service.

7. The Parties contend that some of the documents and information sought in this litigation are confidential documents and information relating to the business of the Parties, which are or contain trade secrets or highly confidential business information protected by applicable law, the disclosure of which (to the Parties or otherwise) could substantially jeopardize the business of the Producing Party and its competitive position in the marketplace. Accordingly, except as provided in paragraph 8, all documents and information produced by either Party in this litigation which are labeled in good faith by the Producing Party's counsel as "Confidential – Attorneys' Eyes Only," within the meaning of Fed. R. Civ. P. 26(c), shall be conspicuously marked and maintained confidentially and used solely for the purposes of this Action and not for any business, competitive, or other purpose, and shall not be disclosed by the Parties' respective counsel to anyone, and shall not be used or referenced for any purpose other than counsel's review and information consistent with the specific purposes of this Action, subject to the provisions of this Order. The Parties' counsel may advise the Parties that they have received and reviewed the

documents and information designated as "Confidential – Attorneys' Eyes Only," but shall not disclose to the Parties the information contained therein.

8. Access to and disclosure of information and/or documents designated as "Confidential – Attorneys' Eyes Only" pursuant to paragraph 7 shall be limited to:

    a. trial counsel and/or in–house counsel for the Receiving Party and their respective staffs;

    b. outside experts or outside consultants of the Receiving Party whose advice and consultation are being or will be used in connection with preparation for the litigation or the litigation of this case, subject to the limitations in paragraph 9;

    c. a witness, deponent, or potential witness or deponent, and his/her counsel, during the course of or in preparation for this litigation; provided that such individual is the author or authorized or intended recipient of the "Confidential – Attorneys' Eyes Only" materials, subject to the limitations in paragraph 9;

    d. the Court, including judicial employees, judges, magistrates, special masters, and all other personnel necessary to assist the Court in its function;

    e. court reporters, stenographic reporters, videographers, and all of their personnel necessary to assist them in their functions; and

    f. copy or computer services or litigation support for the purpose of copying or indexing documents or providing litigation support, provided that all documents are retrieved by the Receiving Party upon completion of service.

9. Individuals other than those set forth in Paragraph 8(a), (d), (e), and (f) to whom such "Confidential – Attorneys' Eyes Only" documents or information are shown, furnished, or otherwise disclosed, shall be first shown a copy of this Order and shall sign the document in the form of Exhibit A hereto.

10. Third parties producing documents in the course of this Action may also designate documents as Confidential or "Confidential – Attorneys' Eyes Only" subject to the same protections and constraints as the Parties to the Action. A copy of

the Protective Order shall be served along with any subpoena served in connection with this Action. All documents produced by such third parties shall be treated as Confidential for a period of 7 days from the date of their production, and during that period any Party may designate such documents as Confidential or "Confidential Attorneys' Eyes Only" pursuant to the terms of the protective order.

11. As to each person required to execute an Agreement in the form attached as Exhibit A, and who is known or suspected to be an employee or agent of, or consultant to, any competitor in the industry of a Party, opposing counsel shall be notified at least 10 days prior to disclosure of Confidential or "Confidential – Attorneys' Eyes Only" documents or information to any such person. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within 15 days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the approval of the Court or the objecting Party. Such disclosure shall not waive the right of any Party to object to discovery from the identified individual pursuant to Rule 26(b)(4)(B).

12. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated, subject to paragraph 14. Designation in conformity with this Order requires:

> a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Confidential – Attorneys' Eyes Only" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).
>
> b. For testimony given in depositions, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony or by written notice to the other

Party within 30 days of receipt of the transcript identifying all protected testimony. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or "Confidential – Attorneys' Eyes Only" information shall be taken only in the presence of persons who are qualified to have access to such information.

   c. <u>For information produced in some form other than documentary</u> <u>and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Confidential – Attorneys' Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

13. Confidential or "Confidential – Attorneys' Eyes Only" documents and information used at depositions, hearings or other public or quasi–public proceedings, other than the trial of this cause, shall not be attached to transcripts or other documents memorializing such proceedings, except by agreement of the Parties. Confidential and "Confidential – Attorneys' Eyes Only" documents and information shall not be appended to memoranda, briefs, or other documents or pleadings which will be reviewed by persons other than the persons designated herein or otherwise permitted access thereto under the terms of this Order. Alternatively, Confidential and "Confidential – Attorneys' Eyes Only" documents and information may be attached to such transcripts, memoranda, pleadings, briefs and the like provided that they shall be collectively maintained in an envelope or other protective covering which bears on its front and back the following label:

CONTAINS CONFIDENTIAL [– ATTORNEYS' EYES ONLY] INFORMATION SUBJECT TO A PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY WRITTEN AGREEMENT OF THE PARTIES.

14. Under no circumstances shall a Party's inadvertent failure to designate Protected Material as such (whether written discovery responses, documents, or testimony) be deemed a waiver of said protection. Any Party who inadvertently fails to identify documents as Confidential or "Confidential – Attorneys' Eyes Only" shall

promptly, upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any Party receiving such inadvertently unmarked or improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents within 10 days of receiving such a written request.

15. Any Party who, through inadvertence, produces documents or information that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party in writing and request that the documents be returned. The Receiving Party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The Party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. However, inadvertent production of any documents or other discovery materials that would be protected from disclosure under the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. Nothing in this paragraph alters or supersedes the requirements of Federal Rule of Evidence 502.

16. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue, unless the court denies the motion to seal, in which case such material may be filed in the public record. If a Receiving Party seeks to file under seal any Protected Material, the Receiving Party shall state in its motion to file under seal that the Designating Party, pursuant to the Parties' agreement, shall have four (4) days to file a response, to give the Designating Party an opportunity further to explain the basis for the Confidentiality designation.

17. All parties or non-parties requesting permission to file documents under seal, including Protected Material, must comply with Local Rule 79-5 and the requirements of Judge Beverly Reid O'Connell and Magistrate Judge Alicia G. Rosenberg.

18. In the event disclosure of information or documents covered by this Order is sought by a non-party through subpoena power in other litigation, the counsel and/or the Party receiving the subpoena shall first notify the Producing Party and provide the Producing Party an opportunity to take appropriate measures to protect disclosure in that litigation. No disclosure of information or documents covered by this Order shall be made to a non-party through subpoena power in other litigation absent agreement of the Producing Party or court order.

19. Acceptance by a Receiving Party of information, documents, or things identified or marked as Confidential or "Confidential – Attorneys' Eyes Only" hereunder by the Producing Party shall not constitute a concession that such information, documents or things in fact are or include Protected Material of such disclosing Party. Nothing in this Order shall be deemed a waiver of any Party's right to object to production of any documents or other tangible things or answers to interrogatories for lack of timeliness, relevance or materiality, or as a privileged communication, or as trial preparation materials, or as not reasonably calculated to lead to the discovery of admissible evidence. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Any Party or non-party may challenge a designation of confidentiality at any time prior to the commencement of trial. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation

by electing not to mount a challenge promptly after the original designation is disclosed.

   a. The Challenging Party shall initiate the dispute resolution process by sending counsel for the Designating Party an email requesting a telephone conference where counsel for the Parties shall confer in a good faith effort to eliminate the necessity for hearing a motion challenging the confidentiality designation or to eliminate as many of the disputes as possible. Counsel for Designating Party shall confer with counsel for Challenging Party within ten (10) days after the Challenging Party has sent an email requesting such conference. In addition, counsel for Challenging Party shall send a letter to counsel for Designating Party which identifies each issue in dispute and states briefly with respect to each such issue the Challenging Party's position.

   b. If the Parties cannot resolve a challenge without court intervention, they should formulate a written stipulation, a notice of motion and supplemental memorandum in accordance with Central District of California Local Rule 37. For purposes of Local Rule 37-2.2, the moving party is the Challenging Party.

   c. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

21. Following termination of this Action, including any appeals, and within 60 days of a written request by the designating party, any and all documents and information designated by the opposing Party as Confidential or "Confidential – Attorneys' Eyes Only," and any copies or reproductions thereof, and all extracts and/or data taken from such documents, shall be returned to counsel who produced them or certified by the receiving counsel as destroyed.

22. Any Party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

23. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

24. This Order shall survive the termination of this litigation.

**IT IS SO ORDERED.**

Dated: June 21, 2017

_____
Hon. Alicia R. Rosenberg

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SPENCER LEON REED, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>AUTONATION, INC.; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 2:16-cv-08916 BRO(AGRx)<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I reside at _____ in the city of _____, county of _____, state of _____.
2. I am currently employed by _____, located at _____, and my current job title is _____.
3. I have read and understand the terms of the Protective Order entered in the above-captioned case, and have received a copy of the Protective Order.
4. I agree to comply with and be bound by the provisions of the Protective Order.
5. I promise that I will use any and all Confidential and "Confidential – Attorneys' Eyes Only" information, as defined in the Protective Order, only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

6. I promise that I will not disclose or discuss such Confidential and "Confidential – Attorneys' Eyes Only" documents or information with anyone other than those specifically authorized by the Protective Order.

7. As soon as practical, but no later than 30 days after final termination of this Action, I shall return to the attorney from whom I have received them, any documents in my possession designated Confidential or "Confidential – Attorneys' Eyes Only" and all documents reflecting any Confidential information.

8. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of or otherwise providing relief relating to the Protective Order, even if such enforcement proceedings occur after termination of this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____  _____
              Date                                              Signature